**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **CURTIS DEAN BURTCH, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO.** |
| **v.** | : | **3:21-CV-89 (CAR)** |
| | : | |
| **ST. MARY'S HOSPITAL, and DON L.** | : | |
| **ABERNATHY, MD,** | : | |
| | : | |
| **Defendants.** | : | |

---

**ORDER DISMISSING PLAINTIFF'S RECAST COMPLAINT**

Before the Court is *pro se* Plaintiff Curtis Dean Burtch, Jr.'s Recast Complaint against Defendants St. Mary's Hospital and Don. L. Abernathy, MD. For the reasons explained below, the Court **DISMISSES without prejudice** Plaintiff's Recast Complaint [Doc. 7] for lack of subject matter jurisdiction.[1]

On August 10, 2021, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* but did not allow his Complaint to be served because he failed to provide sufficient allegations from which the Court could ascertain the nature of his claims, whether any claim would be legally viable, or whether this Court had subject matter jurisdiction to consider his claims. Plaintiff alleged the following:

---

[1] Plaintiff also filed a second Motion for Leave to Proceed *in forma pauperis* ("IFP"). This Court has already granted Plaintiff the ability to proceed IFP [Doc. 6]. Thus, Plaintiff's Motion [Doc. 9] is **MOOT**.

On July 14, 2021 I, the Plaintiff, went to St. Mary's Hospital in Lavonia, GA for a sexually [sic] assault. However I got some medication that put me to sleep and I was sexually assaulted on July 15, 2021 in this abandon [sic] house which isn't safe 323 Sprint St. Lavonia, Ga 30553. And online footage will prove the claim."[2]

Rather than dismiss the Complaint, the Court allowed Plaintiff the opportunity to file a recast complaint. This Court informed Plaintiff that he "must describe his claims; allege all facts necessary to support his claims; identify and explain how each Defendant's actions violated his rights and caused him harm"; and "inform the Court how it has subject matter jurisdiction to hear his claims."[3] Plaintiff timely filed a recast complaint.

In his Recast Complaint, Plaintiff claims the Court has jurisdiction pursuant to 28 U.S.C. § 1346, which confers jurisdiction over cases in which the United States is defendant. Plaintiff alleges St. Mary's Hospital "is an entity of the United States."[4] Plaintiff also alleges that in January 2021, he was staying in an abandoned house and "had several people" come to the house unannounced, which violated his Fourth Amendment Constitutional rights.

Because Plaintiff is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3)

---

[2] Doc. 4, p. 4.
[3] Doc. 6, p. 5.
[4] Doc. 7-1, p. 2.

2

seeks monetary relief against a defendant who is immune from such relief.[5] Moreover, "[a] federal court not only has the power but also the obligation . . . to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."[6] Federal courts are forums of limited jurisdiction.[7] And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."[8]

Even construing Plaintiff's Recast Complaint liberally because of his *pro se* status, this Court lacks subject matter jurisdiction. The Court has no jurisdiction under 28 U.S.C. § 1346. Section 1346 provides federal courts "exclusive jurisdiction of civil actions on claims against the United States . . . for personal injury or death . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[9] St. Mary's Hospital is not a unit or agency of the United States government. St. Mary's Hospital is a member of Trinity Health, an American, not-for-profit Catholic health

---

[5] 28 U.S.C. § 1915(e)(2)(b).
[6] *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985).
[7] *Id.* at 1250.
[8] *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citations omitted).
[9] 28 U.S.C. § 1346(b)(1) (emphasis added).

3

system.[10] Moreover, Plaintiff's allegation that "people" came into the house where he slept in violation of his Fourth Amendment rights is wholly insufficient to invoke this Court's federal question jurisdiction.[11] Plaintiff's Complaint is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

SO ORDERED, this 3rd day of September, 2021.

s/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

---

[10] Under Fed. R. Evid. 201(b), courts "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The fact that St. Mary's is a Catholic hospital, not a United States hospital, is generally known in this territorial jurisdiction and is readily determined from its website, www.stmaryshealthcaresystem.org/locations/st-marys-hospital.

[11] It is clear from the Complaint no diversity jurisdiction exists.